UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 13 |
| Tara L Danhauer,<br>Debtor | Case No. 23-20539-gmh |

**NOTICE OF MOTION TO AMEND THE COURT'S APRIL 17, 2026 DOOMSDAY ORDER TO ENLARGE THE TIME TO COMPLY *AFTER* DEADLINE EXPIRATION**

The Debtor, through undersigned counsel, moves under Federal Rule of Bankruptcy Procedure 9006(b)(1) to enlarge the deadlines set in the Court's April 17, 2026 order.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in motion, or if you want the court to consider your views on the motion, then on or before **October 21, 2026**, you or your attorney must:

File with the court a written response explaining your position at:

United States Bankruptcy Court
517 E Wisconsin Avenue, Room 126
Milwaukee, WI 53202

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

Robert J. Eddington
Eddington Law Office LLC
1433 N Water Street Ste 400
Milwaukee, WI 53202-2603
Phone: 414-347-5639
Email: rje@eddingtonlawoffice.com

You must also send a copy to

Eddington Law Office LLC
Robert J. Eddington
1433 N Water St Ste 400
Milwaukee, WI 53202-2603

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may determine that your failure to object constitutes grounds to enter an order granting that relief.

Eddington Law Office LLC
Attorney for Debtor

Dated: October 14, 2026

By: /s/ Robert J. Eddington

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In re: Chapter 13

Tara L Danhauer, Case No. 23-20539-gmh
Debtor

---

**MOTION TO AMEND THE COURT'S APRIL 17, 2026 DOOMSDAY ORDER TO ENLARGE THE TIME TO COMPLY *AFTER* DEADLINE EXPIRATION**

---

NOW COMES the Debtor, through undersigned counsel, and respectfully moves pursuant to Bankruptcy Rule 9006(b)(1) to enlarge the deadlines set in the Court's April 17, 2026 order. **The Debtor is filing and serving this motion <u>after</u> the expiration of those deadlines.** The Debtor states that the Debtor's failure to act was the result of excusable neglect based on the circumstances described below.

1. On April 17, 2026, the Court entered an order—as pertinent to this motion—requiring the Debtor to pay $837.00 monthly (or such amount in a subsequent modified plan commencing May 2026 and continuing through and including January 2027, subject to a doomsday provision on plan payments.

2. The Debtor acknowledges that she did not make all required plan payments through September 2026, but states that excusable neglect justifies this temporary lapse.

3. The Debtor was making regular payments through approximately September 11, 2026. At approximately that same time, the Debtor's daughter experienced a life-threatening medical emergency that required significant care by the Debtor. The healthcare needs of the Debtor's daughter were so critical that the Debtor took a leave of absence from work for the

remainder of September 2026 and early October 2026. As a result of this medical emergency and the resulting loss of income due to the leave of absence from her employer, the Debtor was unable to make all plan payments as required by the Order.

4. Nevertheless, should the Court be inclined to allow the case to proceed, the Debtor will cure all arrears through October 2026 by filing a feasible modified plan on or before November 13, 2026. The Debtor will also offer to extend the doomsday period on payments for an additional three months through April 2027 to provide additional assurances of timely payment to the Trustee.

5. Bankruptcy Rule 9006(b)(1) authorizes this Court to extend the deadline for complying with the doomsday provisions of the April 17, 2026 order "where the failure to act was the result of excusable neglect." In *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 398 (1993), the Supreme Court held that the determination of whether neglect will be deemed excusable "is at bottom an equitable one." To make this determination, courts take into account "all relevant circumstances surrounding the party's omission….[including]….the danger of prejudice to [other parties], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.

6. The Debtor satisfies the excusable neglect standard for several reasons. First, the primary reason for the lapse of payments was the unexpected and life-threatening medical emergency suffered by the Debtor's daughter that led to a temporary loss of income for the Debtor. While the Debtor acknowledges that she should have communicated her circumstances

with counsel earlier in order to seek relief prior to expiration of the deadlines, the lapse in payments was due to circumstances primarily beyond her reasonable control.

7. Second, the Debtor's offer to extend the doomsday period and to modify her plan to cure any arrears and maintain feasibility shows her good faith in this case, and will help to minimize any adverse effect on any other party.

8. Finally, the Debtor contends that she has otherwise complied with the remaining provisions of the Court's April 17, 2026 Order, confirming her good faith in this case.

9. For these reasons, the Debtor respectfully requests that the Court enlarge the deadline to November 13, 2026 for the Debtor to cure all arrears in plan payments through October 2026 by filing a feasible modified plan.

Dated: October 14, 2026

***/s/ Robert J. Eddington***

Counsel for the Debtor
Bar No. 1078868
Eddington Law Office LLC
1433 N Water Street Ste 400
Milwaukee, WI 53202-2603
414-347-5639 (Tel)
414-433-1866 (Fax)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

---

In the Matter of:

Tara L Danhauer,
Debtor

Chapter 13

Case No. 23-20539-gmh

---

**CERTIFICATE OF SERVICE**

---

The undersigned, an attorney, does hereby certify that on October 14, 2026, he caused a true and correct copy of the attached Notice Of Motion and Motion To Enlarge Time To Comply With The Court's April 17, 2026 Order After Deadline Expiration, as well as a proposed order granting same that was filed contemporaneously therewith, to be served on the Trustee, the Office of the U.S. Trustee, and any other parties receiving electronic notice via the Court's CM/ECF filing system.

Dated: October 14, 2026

***/s/ Robert J. Eddington***
Counsel for the Debtor
Bar No. 1078868
Eddington Law Office LLC
1433 N Water St Ste 400
Milwaukee, WI 53202-2603
414-347-5639 (Tel)
414-433-1866 (Fax)